IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDRES M. CARMONA,

    Plaintiff,

  v.                                            No. CIV 10-0987 RB/ACT

UNITED STATES PRISON FACILITY,
DONA ANA DETENTION CENTER,
OTERO COUNTY PRISON FACILITY,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs. 1, 3) (together the "complaint").  Plaintiff is currently incarcerated in Arizona, appears pro se, and is proceeding in forma pauperis.  For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his original complaint Plaintiff alleges a number of constitutional violations arising from conditions of his confinement. For relief, he asks to be provided proper medical care and to have the charges against him dismissed. In the amended complaint, he names two Border Patrol agents and asserts a number of Fourth Amendment violations from the time of his arrest. For relief, he asks that his removal proceedings be reopened.

Plaintiff was confined in New Mexico when he filed his complaint, but he has been transferred to a facility in Arizona (Doc. 7). His request for proper medical care became moot when he was transferred. New Mexico officials are not responsible for Arizona's treatment of its prisoners. As stated by the Court of Appeals for the Tenth Circuit, "[T]his court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (second alteration in *Cox* opinion). The Court will dismiss this claim.

Plaintiff's civil rights complaint also asks for dismissal of charges against him. "Challenges to the fact of conviction or confinement or the duration of confinement are cognizable only under the habeas statutes." *Woodruff v. Everett*, 43 F. App'x 244, 245 (10th Cir. 2002) (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). This civil rights claim also will be dismissed.

In Plaintiff's amended complaint he asks that his removal proceedings be reopened and his order of removal be reversed. He may seek this relief only from immigration authorities in

administrative proceedings. *See Mendiola v. Holder*, 585 F.3d 1303, 1304 (10th Cir. 2009); *Wei v. Mukasey*, 545 F.3d 1248, 1251 (10th Cir. 2008). Plaintiff's complaint will be dismissed for failure to state claims for relief available in this Court.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE